

U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave NW
Washington, D.C. 20530

Tel: 202-353-9039

October 1, 2025

Anastasia Dubrovsky
Clerk of Court
U.S. Court of Appeals for the First Circuit
One Courthouse Way, Suite 2500
Boston, MA 02210

      RE:   *Commonwealth of Massachusetts, et al. v. National Institutes of Health, et al.*, No. 25-1343

      We write to respond to plaintiffs' letter regarding *NIH v. American Public Health Association*, No. 25A103, 2025 WL 2415669 (U.S. Aug. 21, 2025) (*APHA*). There, the Supreme Court stayed a district court judgment vacating the government's termination of various research-related grants, because the "Administrative Procedure Act's limited waiver of sovereign immunity does not provide the District Court with jurisdiction to adjudicate claims based on the research-related grants or to order relief designed to enforce any obligation to pay money pursuant to those grants." *Id.* at *1. This confirms that the district court lacked jurisdiction over plaintiffs' claims concerning the terms of grants already awarded by NIH.

      Plaintiffs' attempt to distinguish *APHA* as involving grant terminations, rather than modifications, is entirely unavailing. As demonstrated in our opening brief (at 25-36), the core of plaintiffs' suit alleges that NIH unlawfully altered the terms of their grants. That is a breach of contract claim, which "must be brought in the Court of Federal Claims, not federal district court." 2025 WL 2415669, at *5 (Kavanaugh, J., concurring). And the district court's order prohibiting NIH from implementing changes to the indirect cost rates is "in every meaningful sense an order requiring the government to pay those grants." *Id.* at *4 (Gorsuch, J.,

concurring). *APHA* confirms that the Administrative Procedure Act does not grant the district court jurisdiction to adjudicate such claims or order such relief. *Id.* at *1.

Equally unavailing is plaintiffs' reliance on Justice Barrett's separate concurrence, in which she opined that the district court could exercise jurisdiction over an Administrative Procedure Act challenge to "internal guidance documents" that described the agency's policy "priorities." *Id.* at *2 (Barrett, J., concurring). Justice Barrett made clear that this two-track litigation was available insofar as the regulatory challenge in *APHA* did not require consideration of claims based upon existing grants. By contrast, plaintiffs here have sought what is, in essence, a contract remedy. The Court of Federal Claims has exclusive jurisdiction over those claims and "plaintiffs cannot end-run that limit simply by packaging them with a challenge to agency guidance." *Id.* at *2 (Barrett, J., concurring).

Sincerely,

COURTNEY L. DIXON

/s/ *Jennifer L. Utrecht*
JENNIFER L. UTRECHT
Attorneys
U.S. Department of Justice
Civil Division, Appellate Staff
950 Pennsylvania Ave NW Room 7710
Washington, DC 20530
(202) 353-9039
Jennifer.l.utrecht@usdoj.gov

**CERTIFICATE OF SERVICE**

I certify that on October 1, 2025, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the First Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

                                                */s/ Jennifer L. Utrecht*
                                                JENNIFER L. UTRECHT

**CERTIFICATE OF COMPLIANCE**

I certify that this letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because it contains 349 words.

                                                */s/ Jennifer L. Utrecht*
                                                JENNIFER L. UTRECHT